UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD KATZ and KAREN S.
MARKEL, individually,

        Plaintiffs,        Civil Case No. 13-11568
                                            Honorable Linda V. Parker

v.

THE VILLAGE OF BEVERLY HILLS,
CHRIS WILSON, DANIEL GOSSELIN,
JEANNE BAKER and JOHN DOE,
jointly and severally,

        Defendants.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEY FEES AND COSTS AND SANCTIONS [ECF NO. 75.]**

      Plaintiffs Donald Katz and Karen Markel (collectively "Plaintiffs") filed this action pursuant to 42 U.S.C. § 1983, alleging that their constitutional rights were violated when Defendant Village of Beverly Hills engaged in a pattern of discriminatory disparate treatment due to Plaintiffs' religious affiliation. (ECF No. 63 at Pg ID 622-23.) This Court granted Defendant's motion for summary judgment and dismissed Plaintiffs' complaint with prejudice.[1] Presently before the

---

[1] This decision was recently affirmed by the Sixth Circuit. *Katz et al. v. Village of Beverly Hills*, No. 16-1574, 2017 WL 360551 (6th Cir. Jan. 25, 2017).

1

Court is Defendant's motion for attorney fees and costs and sanctions.[2] (ECF No. 75.) For the reasons that follow, this Court is denying Defendant's motion.

## I. Background

Plaintiffs are husband and wife and are of the Jewish faith. (Third Am. Compl., ECF No. 39 at Pg. ID 347.) They reside in Oakland County, Michigan and are the owners of the property located at 32286 Auburn Drive, Beverly Hills, MI 48025. (*Id.*) In their complaint, Plaintiffs recount various encounters they experienced involving themselves, the Village Public Safety Department, and their neighbors. (*Id.* at Pg. ID 348.) These instances occurred between 2005 through 2013. (*See id.*, ECF No. 39 at 348-356.)

Plaintiffs filed their initial complaint on April 5, 2013. (ECF No. 1.) Plaintiffs quickly amended their complaint on April 11, 2013 and July 15, 2013. (ECF Nos. 3, 4.) Defendant filed a motion to dismiss for judgment on the pleadings and for summary judgment on August 4, 2014. (ECF No. 23.) This Court granted Plaintiffs an opportunity to amend their complaint on October 2, 2014. Plaintiffs subsequently filed a third amended complaint on October 16, 2014. (ECF No. 39.) The Third Amended Complaint was filed after Plaintiffs retained new counsel. (*See id.*)

---

[2] Defendant did not present an argument in favor of sanctioning Plaintiffs in its initial brief for this motion and withdrew any request for Rule 11 sanctions in its reply brief. (ECF Nos. 75, 82 at Pg ID 1196.) Therefore, the Court's analysis only addresses attorney fees and costs.

On July 15, 2015, Defendant filed its motion for judgment on the pleadings and/or summary judgment, pursuant to Federal Rules of Civil Procedure 12(c) and 56. (ECF No. 61.) The motion was fully briefed. This Court entered a judgment in favor of Defendant and dismissed the case on March 31, 2016. (ECF No. 72.) On April 28, 2016, Defendant filed the instant motion to recover attorney fees and costs and sanctions. (ECF No. 75.)

## II.     Attorney Fees and Costs

### A.     Legal Standard

This Court has the discretion to allow the prevailing party in a 42 U.S.C. § 1983 suit "a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b) (2000). "Awards to prevailing defendants will depend on the factual circumstances of each case." *Smith v. Smythe-Cramer Co.*, 654 F.2d 180, 183 (6th Cir. 1985). The Supreme Court established that a district court may only award attorney fees to a prevailing defendant if the plaintiff's claim was "frivolous, unreasonable, or without foundation." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978).

Courts are cautious in awarding attorney fees in civil rights cases when plaintiffs' do not prevail because awarding attorney fees "would substantially add to the risks [inherent] in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement of the provisions of Title VII."

3

*Christiansburg Garment Co.*, 434 U.S. at 422. The Sixth Circuit has limited the cases where it will award attorney fees to a prevailing defendant in a civil rights action "to truly egregious cases of misconduct." *Jones v. Continental Corp.*, 789 F.2d 1225, 1232 (6th Cir. 1986).

The Sixth Circuit has found cases where plaintiff's claim "was clearly defective at the outset of the case" as an example of an egregious case warranting an award of attorney fees to a prevailing defendant. *Wolfe v. Perry*, 412 F.3d 707 (6th Cir. 2005); *see also Smith v. Smythe-Cramer Co.*, 654 F.2d at 183 (finding that case must be "groundless from the outset" to award attorney's fees to prevailing defendant). In *Wolfe*, the plaintiff had filed a complaint alleging that his Fourth Amendment rights were violated when an illegal search occurred at his home. 412 F.3d at 721. During his deposition, plaintiff admitted that he did not own or reside in the home where the alleged illegal search took place; rather it belonged to his parents. *Id.* at 709, 721. This admission contradicted plaintiff's complaint, where he stated that the defendant had conducted a search of the residence without probable cause. *Id.* Plaintiff's admission made it clear that his complaint was based on a set of untrue facts and therefore, his case was defective from the outset. *Id.*

In addition to his case being defective from the outset, the plaintiff in *Wolfe* continued to pursue litigation after his deposition, with the case ultimately ending

4

when the court made a ruling on a motion for summary judgment. *Id.* The Sixth Circuit affirmed the district court's decision to award attorney fees in *Wolfe* because plaintiff's claims "were frivolous and lacked factual support." *Id.* at 722.

Another factor courts turn to in determining whether a case is egregious is whether a motion to dismiss was filed. This district has found that a defendant's failure to file a motion for dismissal as an indication that the claim was not groundless from the outset. *Sprague v. Forystek*, No. 05-73977, 2007 WL 2812300 at *3 (E.D. Mich. Sept. 26, 2007); *see also Smith*, 654 F.2d at 183 ("[T]he mere fact that allegations prove legally insufficient to require a trial does not, for that reason alone, render a complaint groundless.")

In determining whether a plaintiff's claim is "frivolous, unreasonable, or without foundation," the Supreme Court in *Christiansburg* cautions district courts from engaging in post hoc reasoning:

> [It] is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

5

*Id.* at 421-22.

### B. Analysis

Defendant contends that they are entitled to attorney fees under 42 U.S.C. § 1988 because Plaintiffs "were entirely unable to defeat Defendant's motion for summary judgment with any measurable evidence." (ECF No. 75 at Pg ID 1035.) In particular, Defendant notes that this Court held that Plaintiffs' equal protection claim was time barred. *See Katz v. Village of Beverly Hills*, No. 13-11568, 2016 WL 1259086 at *5 (E.D. Mich. Mar. 31, 2016). Defendant also quotes this Court's opinion granting Defendant's motion for summary judgment to emphasize that Plaintiffs failed to allege sufficient facts to survive the summary judgment stage. (ECF No. 75 at Pg ID 1036.)

First, this Court notes that Plaintiffs' failure to allege sufficient facts to defeat the summary judgment motion does not make Plaintiffs' allegations groundless. *See Smith*, 654 F.2d at 183 ("[T]he mere fact that allegations prove legally insufficient to require a trial does not, for that reason alone, render a complaint groundless."); *see also Hughes v. Rowe*, 449 U.S. 5, 15-16 (1980) ("Allegations that, upon careful examination, prove legally insufficient to require a trial are not, for that reason alone, 'groundless' or 'without foundation' as required by *Christiansburg*.")

6

Here, the record contains nothing to indicate that Plaintiffs were completely unjustified in believing that Defendant discriminated against them because of their Jewish faith. While Plaintiffs' equal protection claim was time barred, this Court also stated that "[i]t is apparent to the Court that Plaintiffs' equal protection claim was complete and cognizable in 2005." *Katz*, No. 13-11568, 2016 WL 1259086 at *5. This Court acknowledged that the facts as alleged by Plaintiffs "show that one individual officer – Officer Byrwa – was utterly intolerant, and on one occasion, Officer Byrwa discriminated against Katz on the basis of religious affiliation." *Id.* Plaintiffs' belief that other officers held similar intolerant beliefs does not render their claim frivolous, unreasonable, or groundless. The Court must consider Plaintiffs' perspective at the time of filing the complaint. It is entirely reasonable for Plaintiffs to have believed at the outset of litigation that Officer Byrwa's behavior was indicative of standard operating procedure in Beverly Hills or among officers. *See id.* at *6.

This Court's finding that there was no genuine issue of material fact does not render their claim frivolous, unreasonable, or groundless. Therefore, this Court is denying Defendant's motion for attorney fees and costs.

### III. Conclusion

Accordingly,

7

**IT IS ORDERED** that Defendant's motion for attorney fees and costs (ECF No. 75) is **DENIED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: February 6, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, February 6, 2017, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager
