UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD KATZ and KAREN S.
MARKEL, individually,

        Plaintiffs,        Civil Case No. 13-11568
                                          Honorable Linda V. Parker

v.

THE VILLAGE OF BEVERLY HILLS,
CHRIS WILSON, DANIEL GOSSELIN,
JEANNE BAKER and JOHN DOE,
jointly and severally,

        Defendants.

_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR REVIEW OF TAXED BILL OF COSTS [ECF NO. 79]

On March 31, 2016, this Court entered a judgment in favor of Defendant.[1] On April 28, 2016, Defendant filed a Bill of Costs with the Clerk's Office. (ECF No. 74.) The next day, the Clerk issued a Taxed Bill of Costs disallowing all costs. Presently before the Court is Defendant's motion pursuant to Federal Rule of Civil Procedure 54(d)(1) for review of the Clerk's order taxing costs. (ECF No. 79.) The motion has been fully briefed. For the reasons that follow, this Court is granting in part and denying in part Defendant's motion.

---

[1] This decision was recently affirmed by the Sixth Circuit. *Katz et al. v. Village of Beverly Hills*, No. 16-1574, 2017 WL 360551 (6th Cir. Jan. 25, 2017).

1

**I.     Standard**

The taxation of costs are governed by Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920. Under Rule 54(d)(1), a prevailing party may be awarded costs other than attorney's fees unless a statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. Fed. R. Civ. P. 54(d)(1). 28 U.S.C. § 1920 provides a detailed list of costs that may be taxed, such as docket fees and "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case[.]" 28 U.S.C. § 1920(2) and (5). The moving party has the burden to prove that the costs are authorized by federal law, and that they were necessary and reasonable. *Berryman v. Hofbauer*, 161 F.R.D. 341, 344 (E.D. Mich. 1995).

The Local Rules of the United States District Court for the Eastern District of Michigan provide further guidance in assessing costs. Under Local Rule 54.1, costs are taxed by Clerk in accordance with the Bill of Costs Handbook available from the Clerk's Office. E.D. Mich. LR 54.1. The Bill of Costs Handbook explains that in submitting a bill of costs, parties are required to provide proof of the costs. The handbook also states "**[c]ounsel is responsible** for providing the required receipts, orders, stipulations or other documentation to support their Bill of Costs. Costs submitted without supporting documentation will be denied." Handbook § II. "[T]he party objecting to the clerk's taxation has the burden of persuading the court that it was improper." *BDT Prod., Inc. v. Lexmark Int'l, Inc.*,

2

405 F.3d 415, 420 (6th Cir. 2005), abrogated in part by *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560 (1998) (citing Wright, Miller, & Kane, *Federal Practice and Procedure*, Civil 3d § 2679 (1998)).

## II.     Analysis

Defendants have requested $345.50 for depositions of Defendant's officials; $89.00 for the costs of retrieving documents from PACER and printing the Third Amended Complaint, Plaintiffs' Motion to Compel, and Plaintiffs' opposition brief to Defendant's motion for summary judgment; and $20 for attorney fees pursuant to 28 U.S.C. § 1923(a).  (ECF No. 74 at Pg ID 1022-24.)  The Court will now turn to each category of documents.

### A.     Deposition Transcripts

In their Bill of Costs, Defendant stated that the cost of deposition transcripts for four Village officials and employees amounts to $345.50.  (*Id.*)  The Clerk denied the costs because Defendant "fail[ed] to document how the corresponding deposition transcripts were used."  (ECF No. 78. at Pg ID 1096.)

In their motion, Defendant states that the deposition transcripts were necessary to determine whether it should be used in their motion for summary judgment and reply brief.  (ECF No. 79 at Pg ID 1098.)  Defendant also provides the invoice reflecting the cost of the transcripts as an exhibit.  (*Id.* at Pg ID 1102.)  Plaintiffs contend that Defendant has failed to satisfy their burden because they

3

have not alleged the Clerk's action in not taxing the cost of the deposition transcripts was improper. (ECF No. 81 at Pg ID 1183-84.)

The Court agrees with Plaintiffs. Defendant does not attempt to explain to the Court why the Clerk was improper in denying their request. Further, Defendant fails to provide legal support to indicate that this Court should reward them where they failed to adhere to the requirements of this district. The Bill of Costs Handbook makes clear that to be awarded costs for deposition transcripts, a party must provide receipts/invoices. Handbook § I.C. Defendant was also required to provide supporting documentation to demonstrate the need for the deposition transcripts:

> If a transcript was used in support of a motion, counsel is required to provide the taxation clerk with the title of the motion, the date it was filed, and, if available, the exhibit or attachment number. Excerpts of the deposition transcripts used in support of a motion should be attached as an exhibit to the motion. If not attached as an exhibit, counsel must provide the page number of the motion or brief where the transcript was referenced to be awarded costs. If the transcript was used at trial, the date the transcript was read into the record is to be noted on the supporting documentation. Costs will be denied without the supporting documentation.

Handbook § II(B).

The Court is therefore denying Defendant's request for costs for deposition transcripts.

### B. Exemplification and Copy Fees

4

Next, Defendant requests that this Court award them with the "cost of obtaining copies of background documents reflecting relevant information and events" including Plaintiffs' complaints and motion briefs. (ECF No. 79 at Pg ID 1099.) Defendant relies on 28 U.S.C. § 1920 which provides a detailed list of costs that may be taxed, such as "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case[.]" 28 U.S.C. § 1920(2). The Clerk denied the costs because Defendant lacked a "court order authorizing the recovery of these costs." (ECF No. 78 at Pg ID 1096.)

Again, Defendant does not argue why the Clerk was improper in denying the costs. It is likely Defendant did not make that argument because the Defendant failed to request that this Court issue an order authorizing the recovery of the costs of exemplification and copy fees as required by the handbook.

Defendant also does not explain how these documents were obtained as a necessity rather than for their convenience. Defendant is prohibited from recovering copies that are obtained "for the convenience of counsel." Handbook § II.F. Therefore, the Court is denying Defendant's request to cover the exemplification and copy fees.

### C.   Attorney Fees

Lastly, Defendant argues that they are entitled to recover attorney fees under 28 U.S.C. § 1923(a). Under 28 U.S.C. § 1923(a), attorney fees may be taxed at

5

"$5 on motion for judgment." The Clerk denied attorney fees because "there was no trial and there was no final hearing." Here, Defendant argues that judgment in their favor as a result of their motion to dismiss entitles them to recover attorney fees.

The Court agrees that Defendant could have been awarded $5 in attorney fees for their successful motion for summary judgment pursuant to 28 U.S.C. § 1923(a). While Plaintiffs contend that Defendant should not recover because they failed to request $5, the Court still finds that Defendant is entitled to fees, even if they requested the incorrect amount.

### III. Conclusion

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Review of Taxed Bill of Costs is **GRANTED IN PART** as to the attorney fees in the amount of $5, and **DENIED IN PART** as to the remaining costs.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: February 6, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, February 6, 2017, by electronic and/or U.S. First Class mail.

s/ Richard Loury<br>
Case Manager

6